# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LARRY FORD BANISTER, II, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 3727 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| NATHAN YAP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff has filed a "Motion to Compel, for Additional Discovery and for an Extension of Time to File Amended Pleading and Incorporated Memorandum of Law." [Dkt. #32]. Judge Aspen referred the "Motion" here on January 28, 2020, subject, of course, to the Executive Committee's approval. [Dkt. #34]. The Executive Committee approved the referral the same day, although its Order said that the "Motion to Compel" was referred here. [Dkt. #35].[1]

The plaintiff's Motion seeks, in part, a supplemental (or second) deposition of defendant and the production of all documents in defendant's possession and control, showing the identity and location of the owners, principals and operators of ShippingQuest and his knowledge of the nature and location of defendant's law practice. That aspect of the Motion [Dkt. #32 ¶ 2] is granted. Some brief background is in order to fully understand what is currently limited to a dispute over jurisdiction and venue.

---

[1] I read the Executive Committee's Referral Order as a referral of the *entire* Motion – which contains multiple requests for relief, and not as a referral of only that portion of the Motion that seeks to compel information from the defendant. [Dkt. #32, 35]. It seems clear that the Executive Committee was using a shorthand phrase to describe the Motion and that it did not intend only to refer that part of the multi-faceted Motion that sought to compel certain actions by the defendant.

That dispute arises because it could be said that the parties reside more in cyberspace than in any given forum. In his Complaint, plaintiff alleged that he is an attorney licensed to practice in the State of New York, but is admitted to the general bar of the Northern District of Illinois and focuses his practice on intellectual property cases in this court. A search of the court's database shows that plaintiff is, indeed, listed on about two dozen cases in this District over the last three years, representing clients, nearly exclusively, from China. Additionally, he files some papers from that country and lists a phone number in China on many of his filings. *See* Case Nos. 17-0725, 17-1978, 17-2350, 17-2594, 17-5206, 17-6009, 17-7869, 17-7941, 17-8637, 17-8940, 18-0073, 18-3453, 18-4651, 19-0137, 19-1347, 19-2519, 19-2581, 19-4565, 19-5705, 19-6381, 20-0220, 20-0221. The defendant, meanwhile, is a citizen and resident of Houston, Texas. He is involved in a number of businesses, mostly, it seems, internet businesses.

Not surprisingly, given these facts and how little contact plaintiff seems to have had with Illinois, the defendant filed a Motion to Dismiss the Complaint on jurisdictional and venue grounds on July 29, 2019. Plaintiff responded on August 30th, arguing that jurisdiction was proper in Illinois because he practices here and therefore "felt the sting of the defamatory statements" in Illinois, [Dkt. # 22, at 3], and that venue was proper here because he "has shown that he is *at home* [whatever that may mean] in the Northern District of Illinois." [Dkt. # 22, at 5](Emphasis supplied).[2]

---

[2] Tortious acts aimed at a target in the forum state and undertaken for the express purpose of causing injury there are sufficient to satisfy the express-aiming requirement of jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 707–08 (7th Cir. 2010). The question is where the consequences are felt. *See Calder v. Jones*, 465 U.S. 783, 789-90 (1984)("...they knew that the brunt of that injury would be felt by respondent in the State in which she lives and works . . ."); *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 434 (7th Cir. 2010)(question is whether the defendant knew "that the plaintiff would be injured in the forum state."); *see also Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008). If one's law practice is in the Northern District of Illinois, but one does not reside there or have an

(continued...)

"[U]nfortunately... saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir.2010). *See also Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018). Here, as always, evidence, not partisan conclusions, must govern. *Cf. Biestek v. Berryhill*, ––– U.S. –––, 139 S. Ct. 1148, 1162 (2019).

Plaintiff requested the court allow him jurisdictional discovery [Dkt. # 22, at 6], specifically, requiring defendant to appear for a deposition within 21 days, produce all documents showing the identity and location of the owners of ShippingQuest and his knowledge of plaintiff's law practice within 14 days, and to stay the briefing – completed except for defendant's reply brief – on defendant's Motion to Dismiss. [Dkt. #24]. Defendant filed his reply brief on September 13th. [Dkt. # 27]. Judge Aspen granted the plaintiff's Motion on September 19, 2019. [Dkt. # 28]. Almost two months later, on November 15th, plaintiff deposed defendant for about 90 minutes. [Dkt. #32-1]. While opposing counsel objected two or three times when plaintiff's counsel got off the track of jurisdiction and venue in Illinois, asking questions about the lawyers of defendant's business acquaintances or activity in Wisconsin [Dkt. # 32-1, at 32, 33, 36], the deposition continued until plaintiff's counsel – *having never asked a question about Illinois* – indicated he was through and had nothing further. [Dkt. #32-1, at 51-52].[3] That omission is, *under the circumstances here*,

---

[2](...continued)
office there, and one's clients are not there either, the question is challenging.

[3] At one point, counsel for plaintiff said that Wisconsin was "just north of Illinois," and if defendant directed statements to Wisconsin, it was "*possible* he did so in Illinois as well . . . ." [Dkt. # 32-1, at 37](Emphasis supplied). Of course, anything is possible, and thus the law regards probabilities, not possibilities. *See Kansas v. Carr*, 136 S. Ct. 633, 643 (2016); *United States v. Marine Bancorporation, Inc.*, 418 U.S. 602, 623 (1974); *Henry v. Bridgestone/Firestone Inc.*, 63 F. App'x 953, 957 (7th Cir. 2003); *Cannon v. Lockhart*, 850 F.2d 437, 441 (8th Cir.1988); *Foreman v. Texas & N. O. R. Co.*, 205 F.2d 79, 82 (5th Cir.1953). The principle is of ancient vintage. *See e.g.,Patterson v. Gaines*, 47 U.S. 550, 599 (1848)("possibilities are the enemy of truth."); *Kern v. Snider*, 145 F. 327, 329 (7th Cir. 1906).

significant. *Compare Georgia v. South Carolina* , 497 U.S. 376, 389 (1990);*United States v. Curescu,* 674 F.3d 735, 740 (7th Cir. 2012); *Celluloid Mfg. Co. v. Arlington Mfg. Co.*, 47 F. 4, 5 (D.N.J. 1891).

Plaintiff did not file the instant Motion until January 27, 2020, two and a half months after the supposedly unsatisfactory deposition and just four days before the deadline for plaintiff to file an Amended Complaint. No explanation is given for this curious delay. That delay is significant here. Plaintiff had all the time he wanted to depose defendant, and was thwarted only when he asked about Wisconsin. An attorney who truly feels cheated or put upon at a deposition does not usually wait two months before complaining about it. Plaintiff's request for another deposition of defendant [Dkt.# 32 at 7, ¶ 1] is denied. *See* Fed.R.Civ.P. 26(b)(1)(discovery must be proportional to needs of the case and its likely benefit must not be outweighed by burden or expense); *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 636 (7th Cir. 2011)(request for additional depositions properly denied where party "did not adequately explain why, given what [he] had learned from the individuals already deposed and what he anticipated discovering from the proposed deponents, leave to take any of these additional depositions was warranted."). In light of this denial, the defendant's request for a stay on a decision on the Motion to Dismiss is also denied.

As for the document discovery, it appears to consist of the addresses of two of defendant's business colleagues. [Dkt. #32, at 2-3]. The names came up at defendant's deposition, and defendant said he would look for the addresses and provide them. He apparently did not. And although two and a half months has passed without production, the Plaintiff has made no proper request for such documents or information under Fed.R.Civ.P. 33 or 34. He only sent a few emails to opposing

4

counsel. He does not hint that he ever even called. That, of course, means there has not been compliance with Local Rule 37.2 before this Motion was filed. *See Ruebe v. Partnerre Ireland Ins*., 2019 WL 7562661, at *1 (N.D. Ill. 2019)("[E-mails] do not comply with the rule, which clearly requires conference in person or by telephone. The requirements of the local rule are not met by letters or emails."); *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc*., 343 F. Supp. 3d 742, 744 (N.D. Ill. 2018); *In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig*., 2018 WL 505089, at *2 (N.D. Ill. 2018)("Local Rule 37.2 requires an in-person or telephonic meet and confer and cannot be satisfied by the exchange of emails."); *Geraci v. Andrews*, 2017 WL 1822290, at *1 (N.D. Ill. 2017) ("Local Rule 37.2 makes it plain that letters and emails don't count, and with good reason."); *Infowhyse GmbH v. Fleetwood Grp*., 2016 WL 4063168, at *1 (N.D. Ill. 2016)("The command in the rule could not be more explicit. Emails and letters are not enough under Rule 37.2.").

Consequently, although the plaintiff's Motion [Dkt. #32] is non-compliant with the requirements of Local Rule 37.2, that part of the Motion that seeks certain, identified information is nonetheless granted. In appropriate circumstances, a court has discretion not to require strict adherence to certain Local Rules. *See Stevo v. Frasor*, 662 F.3d 880, 886-887 (7th Cir. 2011); *Schlacher v. Law Offices of Phillip J. Rotche & Associates*, P.C. 574 F.3d 852, 859 (7th Cir. 2009). I believe that this is such a case, and that rigid adherence to the requirements of Local Rule 37.2 is not in the interest of justice. It should be a simple enough matter for defendant to provide the information promised at the deposition approximately two and a half months ago.

The defendant is ordered to provide the requested information within the next seven days as requested in the Motion. [Dkt. #32 at 7, ¶2]. Assuming, as we do, there will be timely compliance

5

with this Order, an Amended Complaint, if any, must be filed by February 28, 2020, which is essentially within the time requested in the Motion, which seeks an extension of thirty-five days, or "as much time as the Court deems appropriate" to submit an Amended Complaint. [Dkt. #32, ¶ 4].[4] Of course, nothing in this Order requires the plaintiff to file an Amended Complaint. This brief extension of time will not meaningfully affect the future progress of the case.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE: 1/31/20**

---

[4] Under the original schedule set by Judge Aspen, an Amended Complaint was to be filed not later than February 1, 2020. [Dkt. #31].